UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:21-cv-06903-JAK-SHK | Date: | February 1, 2024 |
|---|---|---|---|
| Title: | *Ronald Lee Adams v. California Department Corrections, et al.* | | |

Present: The Honorable  Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings (IN CHAMBERS): ORDER TO SHOW CAUSE WHY DEFENDANTS V. CATALINA AND P. DESSENBERGER SHOULD NOT BE DISMISSED**

On August 26, 2021, plaintiff Ronald Lee Adams ("Plaintiff") filed a complaint ("Complaint" or "Compl.") alleging violations of civil rights under 42 U.S.C. § 1983 ("§ 1983"). Electronic Case Filing Number ("ECF No.") 1, Compl. After the Court screened and dismissed with leave to amend two of Plaintiff's amended complaints, on June 30, 2023, Plaintiff filed the operative Third Amended Complaint ("TAC") naming various correctional officers who worked at California Man's Colony East State Prison ("CMC East") as defendants. ECF No. 44, TAC. On September 22, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending dismissal of certain defendants from the case and recommending service of the TAC on the remaining defendants ("Defendants"). ECF No. 49, R&R. On October 19, 2023, the Court accepted the R&R, and on October 23, issued the summons ("Summons") to Defendants. ECF Nos. 52, 54.

On December 13, 2023, Defendants J. Gastelo, B. Thompson, Howard E. Moseley, J. Lewis, E. Scotland, K. Valaau, and S. Quirarte filed a waiver of service ("Waiver of Service"). ECF No. 57, Waiver of Service. The California Department of Corrections and Rehabilitation ("CDCR") informed the Court that Defendants V. Catalina and P. Dessenberger could not be identified and, consequently, have not been served with the TAC or appeared in this matter.

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]" S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). "'Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a

defendant[.]'" Id. (quoting Federal Rule Civil Procedure ("Fed. R. Civ. P." or "Rule") 4(k)). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,]" however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

However, "in circumstances where the defendants' identity are not known prior to filing the action," the Court may afford a plaintiff the "opportunity to identify the defendant through limited discovery, 'unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.'" Mohammad v. California Department of Corrections, Case No. 14-cv-03837-BLF, 2015 WL 720721, at *1 (N.D. Cal. Feb. 18, 2015) (quoting Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999)). Such limited discovery may be accomplished pursuant to Rule 45 through a third-party subpoena directed to CMC East and/or CDCR seeking the correct identities of Defendants V. Catalina and P. Dessenberger. See id. (citing Fed. R. Civ. P. 45).

Here, because CDCR was unable to identify Defendants V. Catalina and P. Dessenberger, they have not been served with the Summons and TAC, nor have they filed a waiver of service. Therefore, the Court currently lacks personal jurisdiction over these Defendants, and they are subject to dismissal under Rule 4.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, in writing, by **March 1, 2024** why Defendants V. Catalina and P. Dessenberger should not be dismissed from this matter due to the Court's lack of personal jurisdiction over them as unserved defendants. Plaintiff may comply with this Order to Show Cause ("OSC") by issuing a third-party subpoena to CMC East and/or CDCR under Rule 45 seeking the correct identities of Defendants V. Catalina and P Dessenburger by February 24, 2024 **and** filing a response to this OSC indicating the steps Plaintiff has taken to obtain the names of V. Catalina and P. Dessenberger so they may be served and subject to the Court's jurisdiction.

Plaintiff is warned that failure to timely satisfy this order **will result in a recommendation to the assigned United States District Judge that Defendants V. Catalina and P. Dessenburger be dismissed from this action without prejudice** in accordance with Rule 4(m) due to the Court's lack of personal jurisdiction and for failure to prosecute and follow Court orders. It is unlikely that extensions of time to comply with this OSC will be granted and any extension of time, if granted, will only be granted for very good cause shown.

**IT IS SO ORDERED.**