UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE ADAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>California Department of Corrections, et al.,<br><br>          Defendants. | Case No. 2:21-cv-06903-JAK-SHK<br><br>**ORDER WITHDRAWING DISMISSAL OF DEFENDANTS [ECF NO. 71] AND ORDER TO SHOW CAUSE** |

## I. BACKGROUND

On August 26, 2021, the Court received Plaintiff Ronald Lee Adams' ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), Complaint ("Complaint") under 42 U.S.C. § 1983 ("§ 1983"), alleging violations of his civil rights. Electronic Case Filing Number ("ECF No.") 1, Compl.  After several rounds of screening Plaintiff's complaints under 28 U.S.C. § 1915, on June 30, 2023, the Court received Plaintiff's Third Amended Complaint ("TAC").  ECF No. 44, TAC.

On September 22, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending dismissal of certain defendants from the case and service of the TAC on the remaining defendants ("Defendants").  ECF

1  No. 49, R&R. On October 19, 2023, the Court accepted the R&R, ECF No. 52,
2  and on October 23, issued the summons ("Summons") to Defendants, ECF No. 54.
3        On December 13, 2023, Defendants J. Gastelo, Howard E. Moseley, J.
4  Lewis, S. Quirarte, E. Scotland, B. Thompson, and K. Valaau ("Served
5  Defendants") filed a Waiver of Service. ECF No. 57, Waiver of Service. The
6  California Department of Corrections and Rehabilitation (the "CDCR") informed
7  the Court that Defendants V. Catalina and P. Dessenberger ("Unserved
8  Defendants") could not be identified and, consequently, have not been served with
9  the TAC or appeared in this matter. On January 16, 2024, the Served Defendants
10 filed an Answer. ECF No. 61, Answer.
11       On February 1, 2024, the Court issued an Order to Show Cause ("First
12 OSC") as to why Defendants V. Catalina and P. Dessenberger should not be
13 dismissed from this matter due to the Court's lack of personal jurisdiction over
14 them as Unserved Defendants. ECF No. 65, First OSC. On February 16, 2024, the
15 Court received Plaintiff's response to the OSC ("First OSC Response"), providing
16 documents from the CDCR which indicated that the Unserved Defendants worked
17 at CDCR at the time of the events underlying Plaintiffs' claims. ECF No. 67, First
18 OSC Response.
19       On February 28, 2024, the Court issued a second OSC ("Second OSC"),
20 instructing Plaintiff to issue third party subpoenas to assist in identifying the
21 Unserved Defendants and request service of the subpoenas by U.S. Marshal
22 Service ("USMS") by March 29, 2024, and provided Plaintiff with the necessary
23 forms to do so. ECF No. 69, Second OSC at 3.
24       On April 4, 2024, the Court issued a final OSC ("Final OSC") because the
25 Court had not received a response from Plaintiff to the Second OSC. ECF No. 70,
26 Final OSC at 3. The Court once again instructed Plaintiff to issue a third party
27 subpoena and request USMS by May 3, 2024, and cautioned Plaintiff that "failure
28 to timely satisfy this order **will result in a recommendation to the assigned**

1  **United States District Judge that Defendants V. Catalina and P. Dessenberger**
2  **be dismissed from this action without prejudice**[.]" <u>Id.</u> (emphasis in the
3  original).
4      Receiving no response from Plaintiff, on May 20, 2024, the Court dismissed
5  the Unserved Defendants from this matter.  ECF No. 71, Order Dismissing
6  Defendants V. Catalina and P. Dessenberger ("Order Dismissing Unserved
7  Defendants").
8      On May 28, 2024, the Court received Plaintiff's "Motion for the Court to
9  Order for the [U.S. Marshal] to Serve Third Party Subpoena" ("USMS Request"),
10  in which Plaintiff states "[t]he U.S. Marshal Service fail[ed] to serve to Plaintiff['s]
11  subpoena[s] to the [CDCR] and Rehabilitation Director Ron Broomfield, on the
12  grounds that Plaintiff does not have a correct address for the [CDCR]."[1]  ECF No.
13  72, USMS Request at 1-2.  Plaintiff requested that the Court "provide an address to
14  the [USMS] in order to have the Defendant[s] serve[d]." <u>Id.</u> at 2.  Plaintiff
15  attached two form AO 88B subpoenas and USM-285 forms to request USMS, each
16  dated May 2024.  <u>Id.</u> at 3-9, 11-24.
17      On June 3, 2024, Plaintiff filed an objection to the Order Dismissing the
18  Unserved Defendants ("Objection").  ECF No. 73, Obj.  In the Objection, Plaintiff
19  attached a "declaration by Plaintiff to the Court on April 15, 2024" ("April 15
20  Declaration"), in which Plaintiff stated:
21      Plaintiff comes before this [C]ourt requesting clarification as to what happen
22      to Plaintiff first file [sic] third party subpoena send [sic] to this [C]ourt in
    March 2024 . . . Plaintiff follow[ed] this instruct[ions] [from the Second
23      OSC,] where did the file [sic] subpoena go?  Explain.
24  <u>Id.</u> at Exhibit ("Exh.") B.  Plaintiff also attached two AO 88B subpoena forms and
25  USM-285 forms for USMS that were filled out by Plaintiff and dated April 15,
26  2024.  <u>Id.</u> at Exh. E.  The Court notes that the April 15 Declaration, subpoenas, and
27
28  [1] All capitalization of quoted material is normalized herein.

3

1  USM-285 forms do not appear to be on the docket, and thus, it is unclear whether
2  Plaintiff filed these forms with the Court on April 15, 2024, or some other date.
3        Plaintiff also attached to the Objection a "document from the [U.S.
4  Marshal][,]" dated April 30, 2024, in which the U.S. Marshal rejected Plaintiff's
5  subpoenas because it could not "serve at [an] 'unknown' address" and there was
6  "no court order for USMS to serve." Id. at Exh. D.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(b) provides the following:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay. Otherwise, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

## III.   DISCUSSION

Here, the Court finds it appropriate to withdraw the dismissal of the Unserved Defendants considering the facts presented by Plaintiff in his Objection. It appears that Plaintiff attempted to serve the third-party subpoenas to CDCR in March 2024, as he alleges in the April 15, 2024 Declaration. See ECF No. 73, Obj. at Exh. B. It also appears that Plaintiff attempted to serve the third-party subpoenas and USMS forms in response to the Final OSC in April 2024 as evidenced by the U.S. Marshals response to Plaintiff's subpoenas. See id. at Exhs. D, E. Although it is unclear why the Court did not receive the March 2024 subpoenas, Plaintiffs' April 15, 2024 Declaration, or April 2024 subpoenas and USMS forms, the Court finds that Plaintiff has been diligently attempting to comply with Court orders regarding the Unserved Defendants. Therefore, the

4

Order Dismissing Unserved Defendants is hereby **WITHDRAWN**, and V. Catalina and P. Dessenberger shall be reinstated as Defendants in this matter.

Additionally, the Court **ORDERS** counsel of record for the Served Defendants to submit a declaration with supporting documentation addressing the steps that Served Defendants' counsel has taken to identify V. Catalina and P. Dessenberger. <u>Billman v. Indiana Dep't of Corr.</u>, 56 F.3d 785, 790 (7th Cir. 1995) (noting that a "prisoner . . . may not be in [the] best position to identify the proper defendants[,]" and as such, "it is the duty of the district court to assist him, within reason, to make the necessary investigation."), Counsel shall submit their declaration no later than 14 days from the date of this Order.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED: (1) the Order Dismissing Unserved Defendants [ECF No. 71] is withdrawn; (2) V. Catalina and P. Dessenberger are reinstated as Defendants in this matter; and (3) counsel of record for the Served Defendants must file a declaration identifying the measures taken to identify the Unserved Defendants no later than 14 days from the date of this Order.

DATED: <u>06/26/2024</u>

JOHN A. KRONSTADT
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

5